## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Bonel Alexander Morris Williams**,      ) | Case No. 1:26-cv-12192 |
|      ) | |
| Petitioner,      ) | |
|      ) | |
| v.      ) | |
|      ) | |
|      ) | |
| Superintendent, **Plymouth Co. Corr. Facility**;   ) | |
| Acting Field Office Director, **U.S. Immigration &**  ) | |
| **Customs Enforcement, Enforcement and**      ) | |
| **Removal Operations, Boston Field Office**;    ) | |
| Acting Director, **U.S. Immigration & Customs**  ) | |
| **Enforcement**;      ) | |
| Secretary, **U.S. Department of Homeland**    ) | |
| **Security**      ) | |
| U.S. Attorney General, **Department of Justice**  ) | |
|      ) | |
| in their official capacities,      ) | |
|      ) | |
| Respondents.      ) | |
|      ) | |

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER TO STOP TRANSFER WITHOUT PRIOR CONSENT
### (Expedited Consideration Requested)

Pursuant to the All Writs Act, 28 U.S.C. § 1651, Petitioner Bonel Alexander Morris Williams hereby moves this Court to bar federal Respondents from transferring him outside the District of Massachusetts and to facilitate Petitioner's regular and confidential access to undersigned counsel and his immigration counsel for custody purposes while his Petition is pending. Based on transfer patterns observed by advocates and reported on by media,[1] Petitioner is at risk of transfer far outside of the District of Massachusetts absent an order from the Court.

---

[1] See, e.g., Emily Allen, "Family and lawyers 'exhausted' as ICE shuffles loved ones in and out of Maine," Portland Press Herald, https://www.pressherald.com/2025/06/17/family-and-lawyers-exhausted-as-ice-shuffles-loved-ones-in-and-out-of-maine/ (June 17, 2025) (detailing transfer of Maine resident from Maine to Texas detention facility); Oliver Laughland, "'Detention Alley': inside the Ice centres in the US south where foreign students and

*5/15/26 Allowed.*
*The Court has already issued an order granting this relief. Patti B Saris*

Petitioner should not be transferred outside of the District of Massachusetts, including because (1) Petitioner's presence in the District of Massachusetts would facilitate this Court's consideration of his habeas petition by enabling access to counsel and Petitioner's ability to participate fully in Court proceedings; (2) if Petitioner were transferred, the Government may contend that Petitioner's transfer deprives this Court of jurisdiction to hear a claim that is properly before it, and mooting the issue by barring transfer would promote judicial efficiency; (3) as this Court has found in several recent matters, an appropriate balancing of the equitable factors a Court must consider in deciding whether to issue a Temporary Restraining Order or a Preliminary Injunction weighs in favor of granting the requested relief, including because Petitioner is highly likely to succeed on the merits of his claim; and (4) federal courts have broad authority under the All Writs Act to take action to preserve the status quo to allow them to fully adjudicate an issue already before them, even without conducting the equitable balancing generally required to issue a TRO.

## ARGUMENT

Under the All Writs Act, this Court may "issue all writs necessary or appropriate in aid of [its] respective jurisdiction[s] and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Here, the Court should enjoin the transfer of Petitioner by Respondents out of the District of Massachusetts. This restraint will facilitate the Court's consideration of Petitioner's pending habeas petition, which has been properly filed with the Court and ensure that Petitioner has access to counsel while this petition is pending.

---

undocumented migrants languish," The Guardian, https://www.theguardian.com/us-news/2025/mar/29/ice-detention-centers-immigration-asylum (Mar. 29, 2025) (detailing transfer of Massachusetts, District of Columbia, and Florida residents to Louisiana detention facility).